NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK JAMES FARMER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF OREGON; OREGON STATE BAR ASSOCIATION; OREGON HEALTH AUTHORITY; OREGON STATE HOSPITAL; Dr. DANIEL BRYNOLF; TERRI TYSON-FERNANDEZ, <br><br> Defendants - Appellees. | No. 23-3401 <br><br> D.C. No. 2:23-cv-00957-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted January 22, 2025[**]

Before:     CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Mark James Farmer appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging various claims relating to psychological evaluations and medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Farmer's federal claims because, under any potentially applicable standard, Farmer failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (setting forth the requirements of an Eighth Amendment violation and explaining that medical malpractice or negligence does not amount to deliberate indifference); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claims brought by pretrial detainees).

The district court did not abuse its discretion by declining supplemental jurisdiction over Farmer's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

We reject as unsupported by the record Farmer's contentions that the district court made erroneous assertions or otherwise engaged in wrongdoing, or that it appointed a magistrate judge to his action.

Farmer's motion for deferral of filing fee (Docket Entry No. 4) is denied as unnecessary.

**AFFIRMED.**